Steve W. Berman (*pro hac vice* to be filed)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Ureka E. Idstrom (*pro hac vice* to be filed)
THE EUREKA LAW FIRM
6744 Holmes Road
Kansas City, MO 64131
Telephone: (816) 665-3515
uidstrom@eurekalawfirm.com

*Attorneys for Plaintiff and the Proposed Class*



FILED

APR 12 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYM PARDINI, on behalf of herself and all others similarly situated, | CV 13 1675 |
| Plaintiff, | No. |
| | **CLASS ACTION COMPLAINT** |
| v. | |
| UNILEVER UNITED STATES, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. |  |

**TABLE OF CONTENTS**

**Page**

I.     OVERVIEW ..................................................................................................................1

II.    JURISDICTION ...........................................................................................................2

III.   PARTIES ......................................................................................................................2

IV.    FACTUAL ALLEGATIONS .......................................................................................3

    A.   Defendant Failed to Comply with State and Federal Laws Governing the
        Labeling of Fat and Calories on Product Labels .............................................4

       1.   Defendant failed to adequately disclose the amount of fat and calories
           in ICBINB by using unlawful serving sizes. .....................................4

       2.   Defendant made unlawful "0 Fat" and "0 Calories" nutrient content
           claims.................................................................................................6

    B.   Defendant was Aware that ICBINB was Mislabeled Based on Consumer
        Complaints and FDA Warning Letters............................................................7

    C.   Plaintiff Could not have Discovered, in the Exercise of Reasonable Diligence, that
        Defendant's Product Labels were Misleading..................................................8

    D.   Defendant's Misrepresentations Cause Plaintiff and the Class Ascertainable
        Damages and Injury .......................................................................................8

V.     CLASS ACTION ALLEGATIONS...............................................................................9

VI.    CAUSES OF ACTION.................................................................................................12

FIRST CAUSE OF ACTION  UNJUST ENRICHMENT / COMMON LAW
CLAIM FOR RESTITUTION ...........................................................................................12

SECOND CAUSE OF ACTION  FRAUD BY CONCEALMENT ....................................13

THIRD CAUSE OF ACTION  BREACH OF EXPRESS WARRANTY ...........................13

FOURTH CAUSE OF ACTION  INTENTIONAL MISREPRESENTATION..................14

FIFTH CAUSE OF ACTION  VIOLATIONS OF THE CONSUMER LEGAL
REMEDIES ACT  (CAL. CIV. CODE § 1750, *et seq*.)....................................................14

SIXTH CAUSE OF ACTION  VIOLATION OF THE CALIFORNIA UNFAIR
COMPETITION LAW  (CAL. BUS. & PROF. CODE § 17200, *et seq*.)..........................15

SEVENTH CAUSE OF ACTION  VIOLATION OF THE CONSUMER
PROTECTION ACTS OF THE VARIOUS STATES..........................................................17

PRAYER FOR RELIEF .....................................................................................................21

JURY TRIAL DEMAND....................................................................................................22

CLASS ACTION COMPLAINT                          - i

010360-11  601875 V1

1    Plaintiff Kym Pardini brings this action on behalf of herself and all others similarly situated

2    against Unilever United States, Inc. ("Unilever"). Plaintiff's allegations against Defendant are

3    based upon information and belief and upon investigation of Plaintiff's counsel, except for

4    allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal

5    knowledge.

6                                    **I.    OVERVIEW**

7        1.    This is a putative class action on behalf of a class of persons seeking redress for

8    Defendant's deceptive practices in its labeling and marketing of I Can't Believe It's Not Butter!

9    Spray ("ICBINB").

10       2.    Consumers are increasingly health conscious and, as a result, many consumers are

11   interested in fat-free and calorie-free food alternatives for themselves and their families.

12       3.    Defendant's ICBINB is deceptively labeled, marketed and sold to Plaintiff and other

13   consumers as having "0 fat" and "0 calories."

14       4.    In reality, Defendant's ICBINB is neither "0 Fat" nor "0 Calories."  ICBINB

15   contains 771 calories and 82 grams of fat per bottle.

16       5.    Defendant's claims regarding ICBINB are false and misleading because its product

17   is improperly labeled "0 Fat" and "0 Calories."

18       6.    Defendant's claims regarding ICBINB are false and misleading because its product

19   labels include artificially small "serving sizes" that fail to account for the manner in which these

20   products are customarily consumed.

21       7.    Defendant's claims regarding ICBINB are false and misleading because its labels do

22   not disclose that ICBINB contains ingredients that are fats which, even in small quantities, add

23   certain amounts of fat per serving.

24       8.    As a result of its deceptive marketing and advertising, Defendant has  generated

25   substantial revenues from the sale of ICBINB.

26

27

28

CLASS ACTION COMPLAINT              - 1 -

010360-11  601875 V1

## II.   JURISDICTION

9.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000, and Plaintiff and other putative Class members are citizens of a different state than Defendant.

10.     This Court has personal jurisdiction over Plaintiff Kym Pardini because she submits to the Court's jurisdiction.  This Court has personal jurisdiction over the Defendant because it conducts substantial business in the District and thus has sufficient minimum contacts with this District and California.

11.     Venue is proper in this Court because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.  Defendant distributed, advertised and sold ICBINB, which is the subject of the present complaint, in this District.

12.     Intradistrict Assignment:  Venue is proper in the San Francisco or Oakland Divisions of this District because plaintiff resides in this District and Defendant conducts substantial business in this District.

## III.   PARTIES

13.     Plaintiff Kym Pardini is, and was at all relevant times, a citizen of California. Plaintiff purchased and consumed ICBINB in grocery stores in and around her home in Novato, California during the Class Period for personal, family, and household purposes.  Plaintiff saw and read Unilever's misrepresentations that ICBINB contains "0 Fat" and "0 Calories" and relied on such misrepresentations in deciding to purchase ICBINB.  Plaintiff Kym Pardini would not have purchased ICBINB had Unilever disclosed the true nature of its product on its packaging and/or would not have paid a premium for ICBINB.

14.     Defendant Unilever is a for-profit, Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey. Defendant manufactures and markets brand name food products throughout the nation, including California.

1                      **IV.    FACTUAL ALLEGATIONS**

2       15.    Unilever is the third largest consumer goods company in the world.  Most of its

3 revenues come from its food brands.[1]  One such brand, I Can't Believe It's Not Butter is the second

4 largest margarine brand in the United States.

5       16.    Unilever knows that society is concerned about obesity[2] and as a result, consumers

6 are looking for reduced fat and reduced calorie food choices.[3]  Thus, Unilever marketed I Can't

7 Believe It's Not Butter! Spray as a "0 Calorie" and "0 Fat" alternative to butter.

8       17.    Unilever devotes considerable financial resources towards marketing.  In 2011

9 alone, Defendant spent $8 billion marketing its consumer goods including ICBINB.[4]  This included

10 celebrity endorsements from "Fabio" "the Osbournes" and "Kim Cattrall."  And while the celebrity

11 changed from time to time, Unilever's message about ICBINB is consistent, "You can feel good

12 about using I Can't Believe It's Not Butter! everyday."[5]

13       18.    As described herein, Unilever's representations are false and misleading because:

14            a.    ICBINB does not qualify as "0 fat" as a matter of law;

15            b.    ICBINB does not qualify as "0 calories" as a matter of law;

16            c.    ICBINB uses artificially small serving sizes to understate the amount of fat

17 and calories in the product; and

18            d.    ICBINB does not disclose that certain ingredients supply "trace amounts of

19 fats" as required by law.

20

21

22

23     [1] http://www.uileverusa.com/brands/nutrition/diethealthandthefightagainstobesity/ (last accessed July 27, 2012).

24     [2] http://www.unileverusa.com/brands/nutrition/diethealthandthefightagainst obesity/ (last accessed July 27, 2012).

25
26     [3] http://www.unileverusa.com/brands/nutrition/diethealthandthefightagainst obesity/ (last accessed July 27, 2012).

27     [4] Unilever United States, 2012 Annual Report, p. 17

    [5] http://www.unileverusa.com/brands/foodbrands/icantbelieveitsnotbutter/ (last accessed
28 July 27, 2012)

CLASS ACTION COMPLAINT         - 3 -

010360-11 601875 V1

A.     **Defendant Failed to Comply with State and Federal Laws Governing the Labeling of Fat and Calories on Product Labels**

19.     The Food Drug and Cosmetic Act ("FDCA") regulates the proper labeling of food. 21 U.S.C. §§ 301 *et seq.*

20.     It also vests the Food and Drug Administration ("FDA") with the authority to "protect the public health by ensuring that foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393(b)(2)(A).

21.     Pursuant to this authority, the FDA has promulgated a comprehensive set of regulations pertaining to labeling requirements. 21 C.F.R. § 101.1 *et seq.*

22.     Defendant misled consumers by failing to comply with this regulatory scheme.

23.     Specifically, during the Class Period, Defendant did not (1) adequately disclose the level of fat and calories per serving in accordance with 21 U.S.C. § 343(q); and (2) made "fat free" and "zero calories" nutrient content claims in violation of 21 U.S.C. § 343(r).

     1.     **Defendant failed to adequately disclose the amount of fat and calories in ICBINB by using unlawful serving sizes.**

24.     21 U.S.C. § 343(q) governs the disclosure of nutrition information on a product label. It deems a food misbranded unless its label or labeling discloses the total number of calories per serving and the amount of total fat per serving.

25.     The regulations define a "serving size" as an amount of food "customarily consumed" per eating occasion which must be "based on consumption data under actual conditions of use." 21 C.F.R. § 101.9(b)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Figure 1



**Nutrition Facts**

Serving Size 1 Spray (0.20g) Cooking Spray
5 Sprays (1g) Topping
Servings Per Container 1700 Cooking Spray, 340 Topping
Calories 0    Calories from Fat 0

| Amount/Serving | Cooking Spray | Topping | Amount/Serving | Cooking Spray | Topping |
|---|---|---|---|---|---|
| | % DV* | % DV* | | % DV* | % DV* |
| Total Fat 0g | 0% | 0% | Cholesterol 0mg | 0% | 0% |
| Sat Fat 0g | 0% | 0% | Sodium 0mg | 0% | 0% |
| Trans Fat 0g | | | Total Carb 0g | 0% | 0% |
| | | | Protein 0g | | |

Not a significant source of dietary fiber, sugars, vitamin A, vitamin C, calcium and iron.
*Percent Daily Values (DV) are based on a 2,000 calorie diet.

INGREDIENTS: WATER, LIQUID SOYBEAN OIL, SALT, SWEET CREAM BUTTERMILK, XANTHAN GUM, NATURAL SOY LECITHIN, POLYSORBATE 60, LACTIC ACID, POTASSIUM SORBATE, CALCIUM DISODIUM EDTA) USED TO PROTECT QUALITY, NATURAL AND ARTIFICIAL FLAVOR, VITAMIN A (PALMITATE), BETA CAROTENE (COLOR).
*ADDS A DIETARILY INSIGNIFICANT AMOUNT OF CHOLESTEROL.
**GLUTEN-FREE.**
MANUFACTURED & UNCONDITIONALLY GUARANTEED BY:
© UNILEVER, ENGLEWOOD CLIFFS, NJ 07632
**REFRIGERATE FOR QUALITY.**
BEST WHEN USED BY DATE PRINTED ON CONTAINER.
QUESTIONS? CALL 1-800-634-0302.
For recipes, go to: NowYouKnowBetter.com

26.     Because Defendant used improper serving sizes in calculating the amount of fat and

calories per serving, Defendant failed to adequately disclose the amount of fat and calories in

ICBINB as required by law.

**2.    Defendant made unlawful "0 Fat" and "0 Calories" nutrient content claims.**

27.    Express nutrient content claims are any direct statement about the level (or range) of a nutrient in food that appears outside of the nutrition panel. 21 C.F.R. § 101.13(b).  The phrases "0 Fat" and "0 Calories" are two such claims.

28.    A product that uses unlawful serving sizes cannot claim to be "0 Fat" or "0 Calories." 21 C.F.R. § 101.62(a)(3); 21 C.F.R. § 101.60(a)(3).

29.    Additionally, a product cannot claim to be "0 fat" if it contains an added "ingredient that is a fat or is generally understood by consumers to contain fat unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states 'adds a trivial amount of fat' 'adds a negligible amount of fat' or 'adds a dietarily insignificant amount of fat.'" 21 C.F.R. § 101.62.

30.    Despite using unlawful serving sizes, Defendant prominently displayed the phrases "0 Calories" and "0 Fat" on its product labels. *See* Figure 2.

Figure 2



CLASS ACTION COMPLAINT                    - 6 -

010360-11 601875 V1

31.    And while Defendant listed "soybean oil" and "buttermilk" in its ingredient list,

these terms were not followed by an asterisk and any language disclosing the presence of fat. *See*

Figure 1.

32.    Defendant's failure to disclose trace amounts of fat renders its product false and

misleading.

**B.    Defendant was Aware that ICBINB was Mislabeled Based on Consumer Complaints and FDA Warning Letters**

33.    Defendant knew or should have known that its product was mislabeled and

engendered confusion among consumers. The internet is replete with complaints echoing that of

the named plaintiff. For example, a contributor to the website "that's fit" writes, "This issue makes

me furious--so often products that are full of fat, and even transfats, designate completely

ridiculous serving sizes, then "round" the fat down to zero. Often, they won't even have on the

label anywhere what the actual fat content is. So people think there's no fat when there's a ton."[6]

34.    In March of 2004, the FDA issued a guidance letter to the food industry that

indicated the FDA was concerned about the use of improper serving sizes. The letter stated:

> Dear Food Manufacturer:
>
> As you are aware, the Food and Drug Administration (FDA) is involved in an initiative to give consumers helpful information that will enable them to make more informed choices about their diets and lifestyle in an effort to reduce the incidence of overweight and obesity in the United States. A key component in providing nutrient information to consumers is the "Nutrition Facts" panel on food packages. In order for this nutrition information to be useful to consumers, it must be accurate and based on a meaningful amount of food. After the Nutrition Labeling and Education Act was enacted, thereby mandating nutrition labeling, FDA promulgated regulations that specify how serving size must be derived from an appropriate reference amount for the food commodity in question... Therefore, we are taking this opportunity to remind the food industry about the rules for determining an appropriate serving size. Manufacturers must use the information provided in Title 21 of the Code of Federal Regulations (CFR) sections 101.9(b) and 101.12 to determine a specific serving size for their products...[7]

---

[6] http://www.thatsfit.com/2007/06/01/i-cant-believe-its-not-butter-spray-is-full-of-fat-buyer-be/ (last accessed July 27, 2012)

[7] Letter to Food Manufacturers about Accurate Serving Size Declaration on Food Products, March 12, 2004, available online at:

CLASS ACTION COMPLAINT            - 7 -

010360-11 601875 V1

FDA encourages the food industry to review their nutrition information and assure that the serving size declared is appropriate for the commodity in question.  FDA also encourages manufacturers to refer to our guidance documents at www.cfsan.fda.gov for additional information on serving sizes.

35.     Defendant ignored these consumer complaints and the FDA's guidance and continued to use its deceptive and misleading product labels.

**C.     Plaintiff Could not have Discovered, in the Exercise of Reasonable Diligence, that Defendant's Product Labels were Misleading**

36.     Plaintiff was a reasonably diligent consumer looking for products that were fat-free and calorie-free alternatives to butter.  Nevertheless, Plaintiff did not discover that Unilever's labeling was false, deceptive, or misleading until April, 2013.

37.     Plaintiff was unaware that ICBINB contains 82 grams of fat and 770 calories per bottle and did not quality as "0 Fat" or "0 Calories" based on amounts customarily consumed. Plaintiff was also unaware that ICBINB contained added ingredients that supplied certain amounts of fat per serving.

38.     Plaintiff is not a nutritionist, food expert, or food scientist; Plaintiff is a lay consumer who did not possess Defendant's specialized knowledge or food testing capabilities which would have otherwise enabled her to see through Defendant's deceptive marketing and advertising.

39.     Plaintiff, in the exercise of reasonable diligence, could not have discovered Defendant's practices earlier because, like nearly all consumers, Plaintiff does not have food testing capabilities whereby she could have uncovered the true nutritional content of ICBINB.

**D.     Defendant's Misrepresentations Cause Plaintiff and the Class Ascertainable Damages and Injury**

40.     Plaintiff purchased ICBINB believing it contained "0 Fat" and "0 Calories" based on Unilever's deceptive advertising and misrepresentations.

41.     ICBINB costs more than similar products without misleading advertisements and misrepresentations, and would have cost less absent the false and misleading statements.

---

http://www.fda.gov/Food/LabelingNutrition/FoodLabelingGuidanceRegulatoryInformation/Inspect ionCompliance/WarningOtherLetters/ucm110234.htm (last accessed July 20, 2012).

CLASS ACTION COMPLAINT                    - 8 -

010360-11 601875 V1

42.     Plaintiff and members of the Class paid more for ICBINB than they otherwise would have had they not been misled by the false and misleading advertisements and misrepresentations complained of herein. Plaintiff and members of the Class would not have purchased ICBINB at the prices they did, or would not have purchased ICBINB at all, absent Defendant's false and misleading misrepresentations.

43.     For these reasons, ICBINB was worth less than what Plaintiff and members of the Class paid for it.

44.     Plaintiff and members of the Class were induced to and did purchase ICBINB instead of competing products based on the false statements and misrepresentations described herein.

45.     Instead of receiving products that have the advantages inherent in being "0 Fat" and "0 Calories," Plaintiff and members of the Class received products that were a significant source of fat and calories.

46.     Plaintiff and members of the Class lost money as a result of Unilever's deception in that they did not receive what they paid for.

47.     Plaintiff and members of the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for ICBINB.

## V.      CLASS ACTION ALLEGATIONS

48.     Plaintiff seeks certification of a Class defined as follows:

> All persons nationwide who purchased I Can't Believe It's Not Butter! Spray ("The Class"). Excluded from the Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action and those claiming that they have suffered any personal injury as a result of consuming Defendant's misbranded products.

49.     Plaintiff seeks certification of a Subclass defined as:

> All persons in the State of California who purchased I Can't Believe It's Not Butter! Spray. Excluded from the Subclass are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal

CLASS ACTION COMPLAINT                    - 9 -

010360-11 601875 V1

representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action and those claiming that they have suffered any personal injury as a result of consuming Defendant's misbranded products.

50. Plaintiffs do not know the exact number of Class and Subclass members at the present time. However, due to the nature of the trade and commerce involved, there are many thousands of class members, such that joinder of all Class members is impracticable.

51. The Class is readily ascertainable through Defendant's business records and notice can be provided by publication and through techniques similar to those customarily used in other consumer fraud cases and complex class actions.

52. There are questions of law and fact common to the Class and Subclass. Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class who were similarly affected by having purchased ICBINB for their intended and foreseeable purpose as a "0 Fat" and "0 Calorie" topping.

53. Plaintiff asserts claims that are typical of the Class and Subclass. Plaintiff and all Class members have been subjected to the same wrongful conduct because they have all purchased ICBINB which was mislabeled "0 Fat" and "0 Calories." Like other members of the class, Plaintiff overpaid for ICBINB and/or purchased a product that she otherwise would not have.

54. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

55. Class certification is appropriate because Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

56. Class certification is appropriate because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class and Subclass, including, *inter alia*, the following:

CLASS ACTION COMPLAINT                    - 10 -

010360-11  601875 V1

a.     Whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of ICBINB;

b.     Whether Defendant represented that ICBINB has characteristics, benefits, uses or qualities that it does not have;

c.     Whether Defendant's nondisclosures and misrepresentations would be material to a reasonable consumer;

d.     Whether the nondisclosures and misrepresentations were likely to deceive a reasonable consumer in violation of the consumer protection statutes of the various states;

e.     Whether the nondisclosures and misrepresentations were likely to deceive a reasonable consumer in violation of the CLRA and UCL;

f.     Whether the nondisclosures and misrepresentations constitute an unlawful business practice in violation of the UCL;

g.     Whether the nondisclosures and misrepresentations constitute an unfair business practice in violation of the UCL;

h.     Whether Unilever breached an express warranty made to Plaintiffs and the Class;

i.     Whether Unilever intentionally misrepresented that ICBINB is "0 fat" and "0 calories";

j.     Whether Defendant's unlawful, unfair and/or deceptive practices harmed Plaintiff and the members of the Class;

k.     Whether Defendant was unjustly enriched by its deceptive practices; and

l.     Whether Plaintiff and the members of the Class are entitled to damages, restitution, and/or equitable or injunctive relief.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class and Subclass members is impracticable. Furthermore, because the restitution and damages suffered, and continue to be suffered, by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to

CLASS ACTION COMPLAINT                    - 11 -

010360-11 601875 V1

redress the wrongs done to each of them individually and the burden imposed on the judicial system would be enormous.

58.     The prosecution of separate actions by the individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.  In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### UNJUST ENRICHMENT / COMMON LAW CLAIM FOR RESTITUTION

59.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

60.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

61.     Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.  At the core of each states' law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state.

62.     Plaintiff and the Class members conferred a benefit on the Defendant by purchasing ICBINB.

63.     Defendant has been unjustly enriched in retaining the revenues from Class members' purchases of ICBINB, which retention under these circumstances is unjust and inequitable because Defendant falsely represented that ICBINB was free of calories and fat, which caused injuries to Plaintiff and Class members because they paid a price premium due to the mislabeling of ICBINB.

64.     Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

CLASS ACTION COMPLAINT               - 12 -

010360-11 601875 V1

65.     Plaintiff, therefore, seeks an order requiring Unilever to make restitution to them and other members of the Class.

## SECOND CAUSE OF ACTION

## FRAUD BY CONCEALMENT

66.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

67.     As set forth above, Unilever concealed material facts concerning the nutritional content of ICBINB.  Unilever had a duty to make these disclosures based on its superior knowledge regarding the composition of its product, as well as its affirmative misrepresentations to the contrary.

68.     Unilever actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase ICBINB.

69.     Plaintiff and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed facts.

70.     As a result of the concealment of the facts, Plaintiff and the Class sustained damage in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

71.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

72.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

73.     Defendants expressly warranted in their marketing, advertising and promotion of ICBINB that ICBINB is "0 Fat" and "0 Calories."

74.     Plaintiff and members of the Class purchased ICBINB based on these express warranties.

75.     ICBINB is not, however, "0 Fat" or "0 Calories" as expressly warranted.

76.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because:  (1) they purchased ICBINB and/or at a premium based on Defendant's misleading product labels and (2) ICBINB did not have the composition, attributes, characteristics, nutritional content or value as promised.

CLASS ACTION COMPLAINT                          - 13 -

010360-11  601875 V1

1

2

**FOURTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

3
      77.    Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

4
      78.    Defendant materially and intentionally mislabeled ICBINB's nutritional values as

5
alleged herein.

6
      79.    Defendant's misrepresentations about the fat and calorie content of ICBINB were

7
intended to influence the purchasing decisions of Plaintiff and members of the Class who

8
justifiably relied upon the accuracy of Defendant's labels.

9
      80.    Defendant's misrepresentations caused Plaintiff and the Class to purchase a product

10
that they would not have otherwise purchased and/or at a price that they would not have otherwise

11
paid.

12

**FIFTH CAUSE OF ACTION**

13

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**
**(CAL. CIV. CODE § 1750, *et seq.*)**

14

15
      81.    Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

16
      82.    Plaintiff brings this claim individually and on behalf of the California Subclass.

17
      83.    Defendant is a "person" under CAL. CIV. CODE § 1761(c).

18
      84.    Plaintiff is a "consumer," as defined by CAL. CIV. CODE § 1761(d), who purchased

19
ICBINB sold by Defendant.

20
      85.    CAL. CIV. CODE § 1770(a)(5) prohibits "[r]epresenting that goods or services have

21
sponsorship, approval, characteristic, ingredients, uses, benefits, or quantities which they do not

22
have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she

23
does not have." Defendant violated this provision by misrepresenting that ICBINB is "0 Fat" and

24
"0 Calories."

25
      86.    CAL. CIV. CODE § 1770(a)(7) prohibits "[r]epresenting that goods or services are of

26
a particular standard, quality, or grade, or that goods are of a particular style or model, if they are

27
of another." Defendant violated this provision by misrepresenting that ICBINB is "0 Fat" and "0

28
Calories."

87.     CAL. CIV. CODE § 1770(a)(9) prohibits "[r]epresenting goods or services with intent not to sell them as advertised." Defendant violated this provision by misrepresenting that ICBINB is "0 Fat" and "0 Calories."

88.     Plaintiff and the Subclass suffered lost money or property as a result of these violations because: (a) they would not have purchased ICBINB on the same terms if the true facts concerning this product had been known; (b) they paid a premium due to the false representations about the products; and (c) ICBINB is not "0 Fat" or "0 Calories."

89.     As a result of these violations, Defendant has caused and continues to cause actual damage to Plaintiff and members of the Subclass and, if not stopped, will continue to harm them.

90.     In accordance with CAL. CIVIL CODE § 1780(a), Plaintiff and members of the Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA. In addition, after mailing appropriate notice and demand in accordance with CAL. CIVIL CODE § 1782(a) & (d), Plaintiff will subsequently amend this Complaint to also include a request for damages. Plaintiff and members of the Subclass request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for Relief.

91.     Plaintiff includes an affidavit with this Complaint that shows venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d) in federal court.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
(CAL. BUS. & PROF. CODE § 17200, *et seq.*)

92.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

93.     Plaintiff brings this claim individually and on behalf of the California Subclass.

94.     CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice." Unilever has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.

CLASS ACTION COMPLAINT            - 15 -

010360-11 601875 V1

95.   Unilever has violated the unlawful prong by its violation of the CLRA described above.

96.   Unilever has violated the fraudulent prong of section 17200 because the misrepresentations and omissions regarding the nutritional content of ICBINB as set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

97.   Unilever has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint offend established public policy and because the harm they cause to consumers greatly outweighs any benefits associated with those practices. Unilever's conduct has also impaired competition within the butter-substitute market and has prevented Plaintiff from making fully informed decisions about whether to purchase ICBINB and/or the price to be paid. Defendant's conduct also offends established public policy.

98.   The Named Plaintiff has suffered injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful and/or deceptive practices. As set forth in the allegations concerning Plaintiff, in purchasing ICBINB the Plaintiff relied on the misrepresentations and omissions of Unilever. Had the she known the truth about ICBINB's fat and calorie content, she would not have purchased ICBINB and/or paid as much for it.

99.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated throughout the State of California.

100.   Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and members of the Subclass any money Unilever acquired by unfair competition, as provided in CAL. BUS. & PROF. CODE § 17203, and for such other relief set forth below.

CLASS ACTION COMPLAINT               - 16 -
010360-11  601875 V1

1

**SEVENTH CAUSE OF ACTION**

2

**VIOLATION OF THE CONSUMER PROTECTION ACTS OF THE VARIOUS STATES**

3      101.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if

4      set forth in full herein.

5      102.    Plaintiff brings this claim individually and on behalf of the Nationwide Class.

6      103.    By mislabeling and selling ICBINB as "0 Fat" and "0 Calories" when in fact it is

7      not, Defendant has engaged in unfair competition or unlawful, unfair, misleading, unconscionable,

8      or deceptive acts in violation of the state consumer statutes below:

9      104.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

10     in violation of ALA. CODE §§ 8.19-1, *et seq.*

11     105.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

12     in violation of ALASKA STAT. CODE §§ 45.50.471, *et seq.*

13     106.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

14     in violation of ARIZ. REV. STAT. §§ 44-1522, *et seq.*

15     107.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

16     in violation of ARK. CODE ANN. §§ 4-88-107, *et seq.*

17     108.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

18     in violation of COLO. REV. STAT. §§ 6-1-101, *et seq.*

19     109.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

20     in violation of CONN. GEN. STAT. §§ 42-110b, *et seq.*

21     110.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

22     in violation of DEL. CODE ANN. tit. 6, §§ 2511, *et seq.*

23     111.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

24     in violation of D.C. CODE ANN. §§ 28-3901, *et seq.*

25     112.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

26     in violation of FLA. STAT. ANN. §§ 501.201, *et seq.*

27     113.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices

28     in violation of GA. CODE ANN. §§ 10-1-392, *et seq.*

CLASS ACTION COMPLAINT                    - 17 -

114.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. §§ 480, *et seq.*

115.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE §§ 48-601, *et seq.*

116.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILL. COMP. STAT. 505/1, *et seq.*

117.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. §§ 24-5-0.5-1, *et seq.*

118.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE §§ 714.16, *et seq.*

119.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of KAN. STAT. §§ 50-623, *et seq.*

120.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. §§ 367.110, *et seq.*

121.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of LA. REV. STAT. §§ 51:1404, *et seq.*

122.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, §§ 205-A, *et seq.*

123.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. CODE. ANN., Com. Law §§ 13-101, *et seq.*

124.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MASS. GEN. LAWS ch. 93A §§ 1, *et seq.*

125.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MICH. COMP. LAWS §§ 445.901, *et seq.*

126.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MINN. STAT. §§ 8.31, *et seq.*

127.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. §§ 75-24-3, *et seq.*

CLASS ACTION COMPLAINT                - 18 -

128. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT. §§ 407.010 *et seq.*

129. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MONT. CODE ANN. §§ 30-14-101, *et seq.*

130. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEB. REV. STAT. §§ 59-1601, *et seq.*

131. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEV. REV. STAT. §§ 598.0903, *et seq.*

132. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN. §§ 358-A:1, *et seq.*

133. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. STAT. ANN. §§ 56:8-1, *et seq.*

134. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. STAT. ANN. §§ 57-12-1, *et seq.*

135. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. GEN. BUS. LAW §§ 349, *et seq.*

136. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. GEN. STAT. §§ 75-1.1, *et seq.*

137. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE §§ 51-15-01, *et seq.*

138. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of OKLA. STAT. tit. 15 §§ 751, *et seq.*

139. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. §§ 646.605, *et seq.*

140. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 3 PA. CONS. STAT. §§ 201-1, *et seq.*

141. Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN. LAWS §§ 6-13.1-1, *et seq.*

CLASS ACTION COMPLAINT                        - 19 -

010360-11 601875 V1

1    142.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
2    in violation of S.C. CODE §§ 39-5-10, *et seq*.

3    143.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
4    in violation of S.D. CODIFIED LAWS §§ 37-24-1, *et seq*.

5    144.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
6    in violation of TENN. CODE ANN. §§ 47-18-101, *et seq*.

7    145.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
8    in violation of TEX. BUS. & COM. CODE ANN. §§ 17.41, *et seq*.

9    146.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
10   in violation of UTAH CODE. ANN. §§ 13-11-1, *et seq*.

11   147.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
12   in violation of VT. STAT. ANN. tit. 9, §§ 2451, *et seq*.

13   148.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
14   in violation of VA. CODE ANN. §§ 59.1-196, *et seq*.

15   149.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
16   in violation of WASH. REV. CODE §§ 19.86.010, *et seq*.

17   150.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
18   in violation of W. VA. CODE §§ 46A-6-101, *et seq*.

19   151.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
20   in violation of WIS. STAT. §§ 100.18, *et seq*.

21   152.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices
22   in violation of WYO. STAT. ANN. §§ 40-12-101, *et seq*.

23   153.   The acts, practices, misrepresentations and omissions by Defendant described
24   above, and Defendant's dissemination of deceptive and misleading advertising and marketing
25   materials concerning ICBINB, constitutes unfair competition and unfair or deceptive acts or
26   practices within the meaning of each of the above-enumerated states, because each of these statutes
27   generally prohibits deceptive conduct in consumer transactions.

28

CLASS ACTION COMPLAINT          - 20 -

010360-11 601875 V1

154. Defendant violated each of these statutes by representing that ICBINB contains "0 Fat" and "0 Calories" when, in fact, it is not.

155. Plaintiff and Class Members were injured as a direct and proximate result of Defendant's unfair, deceptive and/or unconscionable acts and practices, because: (1) Plaintiff and the Class were induced to purchase a product they would not have otherwise purchased had they known its true composition, and (2) Plaintiff and the Class were induced to pay substantially more for ICBINB than they would have paid if its true characteristics had not been concealed or misrepresented.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against Unilever and in favor of Plaintiff, and grant the following relief:

A. Determine that this action may be maintained as a Class action with respect to the Class and Subclass identified herein and certify it as such under Rules 23(b)(2) and 23(b)(3), or alternatively certify all issues and claims that are appropriately certified, and designate and appoint Plaintiff as Class Representatives and his counsel as Class Counsel;

B. Declare, adjudge and decree the conduct of the Defendant as alleged herein to be unlawful, unfair and/or deceptive;

C. Notify all Class and Subclass members of the truth regarding the fat and calorie content of ICBINB;

D. Award Plaintiff, the Class, and Subclass members actual, compensatory damages, as proven at trial;

E. Award Plaintiff, the Class, and Subclass restitution of all monies paid to Defendant as a result of unlawful, deceptive, and unfair business practices;

F. Award Plaintiff, the Class, and Subclass members exemplary damages in such amount as proven at trial;

G. Award Plaintiff and the Class and Subclass members reasonable attorneys' fees, costs, and pre- and post-judgment interest; and

CLASS ACTION COMPLAINT                    - 21 -

1      H.      Award Plaintiff and the Class and Subclass members such other further and

2    different relief as the nature of the case may require or as may be determined to be just, equitable,

3    and proper by this Court.

4                                **JURY TRIAL DEMAND**

5          Plaintiff, by counsel, requests a trial by jury on his legal claims, as set forth herein.

6

7    DATED: April 12, 2013                    HAGENS BERMAN SOBOL SHAPIRO LLP

8

9                                             By _____

10                                               SHANA E. SCARLETT
                                                 715 Hearst Avenue, Suite 202
11                                               Berkeley, CA  94710
                                                 Telephone:  (510) 725-3000
12                                               Facsimile:  (510) 725-3001
                                                 shanas@hbsslaw.com
13
                                                 Steve W. Berman (*pro hac vice* to be filed)
14                                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                                 1918 Eighth Avenue, Suite 3300
15                                               Seattle, WA  98101
                                                 Telephone:  (206) 623-7292
16                                               Facsimile:  (206) 623-0594
                                                 steve@hbsslaw.com
17
18                                               Ureka Idstrom (*pro hac vice* to be filed)
                                                 THE EUREKA LAW FIRM
19                                               6744 Holmes Road
                                                 Kansas City, MO  64131
20                                               Telephone:  (816) 665-3515
                                                 uidstrom@eurekalawfirm.com
21
22                                               *Attorneys for Plaintiff and the Proposed Class*
23
24
25
26
27
28

CLASS ACTION COMPLAINT                          - 22 -

010360-11 601875 V1

## DECLARATION RE CLRA VENUE

I, Kym Pardini, do hereby declare and state as follows:

1.    I am a party plaintiff in *Kym Pardini on behalf of herself and all others similarly situated v. Unilever United States, Inc. a Delaware corporation.* Pursuant to CAL. CIV. CODE § 1780(d), I make this declaration in support of the Class Action Complaint and the claim therein for relief under CAL. CIV. CODE § 1780(a). I have personal knowledge of the facts stated herein and, if necessary, could competently testify thereto.

2.    This action for relief under CAL. CIV. CODE § 1780(a) has been commenced in a county that is a proper place for trial of this action because Unilever does business throughout the State of California.

This declaration is signed under penalty of perjury under the laws of the State of California this 7th day of April, 2013.

_K Pardini_

Kym Pardini