1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  CLAUDIA M. VETESI (CA SBN 233485)
   CVetesi@mofo.com
3  LISA A. WONGCHENKO (CA SBN 281782)
   LWongchenko@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendant
   UNILEVER UNITED STATES, INC.
8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  KYM PARDINI and CARRIE WOOD, on          Case No. CV13-1675 SC
    behalf of themselves and all others similarly
14  situated,                                **DEFENDANT UNILEVER UNITED
                                             STATES, INC.'S OPPOSITION TO
15                    Plaintiff,             PLAINTIFFS' MOTION TO STAY
                                             PENDING THE NINTH CIRCUIT'S
16        v.                                 RESOLUTION OF *JONES V. CONAGRA
                                             FOODS, INC.***
17  UNILEVER UNITED STATES, INC., a
    Delaware corporation,                    Hearing Date:  April 17, 2015
18                                           Time:  10:00 a.m.
                      Defendant.             Judge:  Hon. Samuel Conti
19                                           Action Filed:  April 12, 2013

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Plaintiffs have requested a stay of this case while the Ninth Circuit considers a different case involving different claims, different products, and different legal issues.  The briefing in that case, *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014), was just completed this month.  An opinion from the Ninth Circuit is likely one to two years away.  It is anyone's guess whether the Ninth Circuit's opinion will be published, or whether it will even reach the class certification issues raised in this case, let alone be controlling.

What is certain is that a stay would delay this case, by years not just months.  If the law is as unsettled as Plaintiffs say it is, let them dismiss.  They should not ask for an open-ended stay.

The Court should deny Plaintiffs' motion to stay for three reasons.

First, the Ninth Circuit entertains lots of appeals.  Plaintiffs have offered no facts explaining why *Jones* will necessarily affect this case, yet they ask the Court for an indefinite stay while *Jones* is pending.  A stay based on speculation about a Ninth Circuit appeal is unwarranted.

Second, Plaintiffs have failed to show hardship.  Having to litigate their claims is the task they undertook when they filed this lawsuit.  It is not hardship.

Third, delay is prejudice.  This case has been pending for nearly three years.  Defendant is entitled to finality.

The Court should deny Plaintiffs' motion to stay.

## II.     ARGUMENTS IN OPPOSITION

This Court has stated that it considers three factors in deciding whether to stay proceedings: "(1) the possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Parker v. J.M. Smucker Co.*, No. 13-0690 SC, slip op. at 2 (N.D. Cal. Dec. 18, 2014) (citation omitted).  In this case, all three factors weigh against granting a stay.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    The Orderly Course of Justice Will Be Disturbed by a Stay.

Plaintiffs argue that a stay will promote the orderly course of justice because "the *Jones* appeal presents certain class certification issues that have divided courts in this district, including the contours of the ascertainability standard, the impact of *Comcast* on damages methodologies, and/or standing to seek injunctive relief…" (Mem., 2:23-25 (Dkt. No. 54).)  The same argument was recently rejected by Judge Morrow in another action against ConAgra, where ConAgra sought to stay the case based on the *Jones* appeal.  *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx) (C.D. Cal. Dec. 29, 2014), Dkt. No. 440.  The Court should do the same here.

<u>First</u>, Plaintiffs' motion lacks specifics.  They have alleged no facts explaining why the Ninth Circuit's decision in *Jones* will control this case.  Instead, they have pointed to general legal requirements, such as ascertainability and standing for injunctive relief, insisting that the Ninth Circuit's consideration of these principles is a sufficient basis to stay this case.  Without describing how the two cases overlap, they simply conclude that "the Court would need to address many of the same issues in deciding Plaintiffs' motion for class certification."  (Mem., 3:3-4.)  This explanation is insufficient.

All class actions must address threshold legal requirements, such as ascertainability and standing.  There are hundreds of consumer class actions pending in this District, many of them involving food labeling.  Should all of them be stayed?  Plaintiffs' logic is not even limited to class actions—should all cases be stayed when a court of appeals is considering an issue that is conceivably relevant to the lower court action?  It would hinder judicial efficiency, not enhance it, to stay all pending cases that might theoretically be impacted by the Ninth Circuit's docket.[1]

As Judge Morrow stated in *In re ConAgra*, "[t]he court is not persuaded, based on ConAgra's conclusory assertions, that *Jones* will directly affect this case or that a stay of the action will promote the orderly course of justice."  Dkt. No. 440, at 7.  If anything, that case

---

[1] Plaintiffs say they agree with Unilever that "a stay of proceedings would not be warranted in every class action" (Mem., 2:16-17), but they fail to offer any limiting principles.  Why is this case different from other pending class actions?

1   presented a more compelling case for a stay because it involved the same defendant (ConAgra) as

2   *Jones* and it raised similar claims.  Not so here.

3       Plaintiffs have cited a few other cases where courts have issued stays based on *Jones*.  *See*

4   *Parker*, No. 13-0690 SC, *Swearingen v. ConAgra Foods, Inc.*, No. C13-05322 (N.D. Cal. Jan. 9,

5   2015), Dkt. No. 36, and *Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-VC (N.D. Cal. 2013),

6   Dkt. No. 152.  But the parties jointly stipulated to stays in *Swearingen* and *Allen*, so the court did

7   not need to consider arguments regarding the harm caused by delay.

8       Moreover, the decision to stay a case depends on the facts involved in each individual

9   case.  While the facts of those cases may have warranted a stay, every case is different.  *See In re*

10  *ConAgra*, Dkt. No. 440, at 7-13 (discussing factual reasons why a stay was not warranted).  Here,

11  Plaintiffs have offered no facts.

12      <u>Second</u>, it is pure speculation to assume that *Jones* will affect this case.  While the Ninth

13  Circuit could make sweeping statements about class certification standards, it could also decide

14  the case on narrow, case-specific grounds.  For example, the Court could theoretically make a

15  broad finding about how *Comcast* affects the requirements for all damages models at the class

16  certification stage.  Or, it might be limited to the plaintiffs' experts' reports in *Jones*.  "As Judge

17  Breyer's examination of the damages methodologies proposed in *Jones* … make[s] clear,

18  evaluating any damages methodology is a fact-intensive endeavor."  *In re ConAgra*, Dkt. No.

19  440, at 7.  Moreover, class certification in this case could be decided on grounds other than the

20  three *Jones* issues Plaintiffs cite.  The court may find that Plaintiffs are not adequate

21  representatives or that individual issues predominate.  None of those issues is part of the *Jones*

22  appeal.  It is also possible that *Jones* winds up being an unpublished disposition, in which case it

23  would not be precedent.  *See* 9th Cir. R. 36-3(a); Fed. R. App. P. 36-3(a).

24      <u>Third</u>, the delay that would be caused by waiting for the Ninth Circuit would obstruct the

25  orderly course of justice.  It may be two years before the Ninth Circuit rules.[2]  Given that it is far

26  from clear that the ruling would control this case, such a delay would be inefficient for the parties

27

28       [2] *See* http://www.ca9.uscourts.gov/content/faq.php.

1   and the Court. *See In re ConAgra*, Dkt. No. 440, at 10 ("The potential length of a stay is a

2   relevant consideration in determining whether to grant [an application seeking such relief].")

3   (citing *Cartmill v. Sea World, Inc.*, No. 10CV00361 DMS (POR), 2010 WL 4569922, at *2 (S.D.

4   Cal. Nov. 5, 2010)).

5         **B.     The Parties Will Not Suffer Hardship If the Case Proceeds.**

6         Plaintiffs argue that the parties will suffer hardship if the action proceeds without a stay

7   because *Jones* will likely inform the factual record to be developed in this case and briefed at the

8   class certification stage. (Mem., 3:8-19.) Once again, they provide no detail. For example, how

9   would the Ninth Circuit's ruling on whether Jones has standing in *that* case affect the factual

10  record in *this* case? What facts might Plaintiffs need to develop that they would not otherwise?

11  Plaintiffs don't say. There is little reason to believe that *Jones* will affect the factual record in this

12  case, which has already been substantially developed. Unilever has already responded to written

13  discovery, collected documents, and reviewed a substantial amount of documents that will soon

14  be produced.

15        Civil cases are filed every day. Every one of them could be affected by appellate rulings

16  no one foresaw at the time of filing. Litigation is not hardship. To the contrary, it is the task

17  Plaintiffs undertook the moment they filed suit. Just because an appeal might address issues in a

18  case is not grounds for a stay. Plaintiffs will not suffer hardship by having to litigate their case.

19        **C.     Harm Will Result From Granting a Stay.**

20        Unilever would be prejudiced if the Court grants a stay. This case has been pending for

21  nearly three years. The Court has already dismissed the majority of claims pled by Plaintiffs.

22  Only one sliver of an issue remains—whether "I Can't Believe It's Not Butter! Spray" had a

23  missing asterisk on the back of its label that should have disclosed a "trivial" amount of fat.

24        Delay is prejudice. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (a

25  presumption of injury arises from delay in resolving an action). Unilever would like to resolve

26  this case, rather than have it linger for two more years.

27  **III.    CONCLUSION**

28        For all the foregoing reasons, the Court should deny Plaintiffs' motion to stay.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  March 27, 2015

WILLIAM L. STERN
CLAUDIA M. VETESI
LISA A. WONGCHENKO
MORRISON & FOERSTER LLP

By:   /s/ William L. Stern
          William L. Stern

Attorneys for Defendant
UNILEVER UNITED STATES, INC.