United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYM PARDINI and CARRIE WOOD, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

UNILEVER UNITED STATES, INC.,

Defendant.

Case No. 13-cv-01675-SC

ORDER GRANTING MOTION TO STAY

Now before the Court is Plaintiffs' motion to stay this case pending the Ninth Circuit Court of Appeals' decision in Jones v. ConAgra Foods, Inc. The motion is fully briefed,[1] and the Court deems it suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion is GRANTED.

This is a putative consumer class action alleging the mislabeling of Defendant Unilever United States, Inc.'s

[1] ECF Nos. 54 ("Mot."), 55 ("Opp'n"), 56 ("Reply").

("Unilever") product, I Can't Believe It's Not Butter! Spray ("ICBINBS"). ICBINBS packaging allegedly contains multiple claims -- both prominently on the front of the package and in the nutrition information on the back -- that the product contains zero grams of fat per serving. Plaintiffs allege that Defendant was required by law to provide a notation that certain ingredients in ICBINBS actually do contain fat. See ECF No. 38 ("MTD Order") at 2, 4-5, 21.

Plaintiffs now move to stay this case pending the Ninth Circuit's decision in Jones. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). When deciding whether to stay a case, a court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Unilever argues that this case should not be stayed because Plaintiffs fail to provide specifics and because the Ninth Circuit might take a long time to rule in Jones, which would prejudice Defendant. See Opp'n at 1. The Court proceeds to analyze the factors governing the grant of a stay laid out in Landis.

First is the damage that will result from a stay. Defendant argues that it will be prejudiced by a delay in resolving this

case. Defendant claims that "a presumption of injury arises from delay in resolving an action." Opp'n at 4. That is not quite true. The case Defendant cites for that proposition actually held that "[t]he law presumes injury from unreasonable delay." Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976) (emphasis added). Defendant does not adequately explain why staying this case pending a potentially controlling Ninth Circuit decision is unreasonable. Nor does Defendant explain why delay would actually injure it in this case; because the stay puts this case in abeyance, Defendant will not be required to expend time or resources litigating this case until Jones is decided. The only cognizable prejudice to Defendant is an unfavorable holding in Jones that would damage its chances of winning this case.

Moreover, declining to stay this case might ultimately result in an even longer delay and more hardship for the parties. Plaintiffs have served discovery requests on Defendant, but no documents have been produced and no depositions have been taken. The hearing on Plaintiffs' motion for class certification is not scheduled until October 13, 2015. See ECF No. 53 at 2. The decision in Jones may well cause the parties to change their factual and legal theories on class certification and alter the discovery necessary to present their arguments. Jones may even prompt a settlement, obviating the need for discovery at all. Even if it does not, "further discovery and briefing on class certification or decertification will likely be necessary" once the decision is handed down. See Order Staying Case at 2, Parker v. J.M. Smucker Co., No. 13-0690 SC (N.D. Cal. December 18, 2014). Therefore, the Court finds that Defendant will suffer little or no

United States District Court
For the Northern District of California

hardship due to the stay.

Second, the Court considers that hardship that will result if the case goes forward. As discussed previously, there is risk of significant hardship to both parties because the decision in Jones is likely to prompt additional discovery and briefing on the class certification issues. It will be easier for the parties and the court if the class certification motion is briefed and argued only once.

Finally, the Court turns to the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Jones, like this case, is a putative consumer class action. In Jones, the plaintiffs alleged that defendant ConAgra Foods, Inc.'s ("ConAgra") website and products contain deceptive and misleading information. See Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726, at *1 (N.D. Cal. June 13, 2014). Among the allegedly deceptively labeled products was ConAgra's PAM cooking spray, a product quite similar to ICBINBS. Id. Judge Breyer denied motions to certify classes on the grounds that the classes were not ascertainable and that individual issues, rather than class-wide ones, predominated. Id. at *8-12, 14-19. As Judge Breyer observed, the ascertainability issue is an unsettled question of law in the Ninth Circuit. Judges in this District have differed as to whether ascertainability is a formal requirement for class certification and, if it is, how strictly that requirement should be construed. See id. at 8-11.

Those precise issues are frequently critically important in consumer class actions. See, e.g., id. (denying motion for class certification in part because classes were not ascertainable); In

United States District Court
For the Northern District of California

re POM Wonderful LLC, No. ML 10-02199 DDP RZX, 2014 WL 1225184, at *6 (C.D. Cal. Mar. 25, 2014) (granting motion to decertify class in part because class was not ascertainable). Indeed, the undersigned has already sided with those judges imposing a stricter ascertainability requirement and held that some proposed consumer classes fail to meet it. See, e.g., In re Clorox Consumer Litig., 301 F.R.D. 436, 440 (N.D. Cal. 2014) (Conti, J.) (denying certification of class of purchasers of defendant's cat litter products in part because class not ascertainable); Sethavanish v. ZonePerfect Nutrition Co., No. 12-2907-SC, 2014 WL 580696, at *4-6 (N.D. Cal. Feb. 13, 2014) (Conti, J.) (denying certification of class of purchasers of defendant's nutrition bars because class was not ascertainable).

The Jones plaintiffs' appeal presents four issues to the Ninth Circuit: (1) imposition and analysis of the ascertainability requirement; (2) analysis of the predominance requirement; (3) determination of an acceptable damages theory; and (4) the decision to deny class certification. See Brief of Appellant at 2, Jones v. ConAgra Foods, Inc., No. 14-16327 (9th Cir. Nov. 21, 2014). Those very same issues are almost certain to be raised in this case, and they are likely to be dispositive on a motion for class certification. Recognizing the importance of the issues before the Ninth Circuit in Jones, a number of district court judges, including the undersigned, have stayed consumer class actions pending the Ninth Circuit's ruling. See, e.g., Order Staying Case, Parker v. J.M. Smucker Co., No. 13-0690 SC (N.D. Cal. December 18, 2014) (Conti, J.) (sua sponte staying consumer food class action case while class certification motion was pending until Jones is

United States District Court
For the Northern District of California

decided); Order Staying Case, Allen v. ConAgra Foods, Inc., No. 13-CV-01279-HSG (N.D. Cal. Feb. 20, 2015); Joint Stipulation and Order to Stay Case, Swearingen v. ConAgra Foods, Inc., No. 13-cv-05322-SC (N.D. Cal. Jan. 9, 2015) (granting parties' stipulation to stay pending the outcome in the Jones appeal); Gustavson v. Mars, Inc., No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) (granting defendant's motion to stay consumer food class action pending Jones).

Defendant's argument that it is unclear how the issues in Jones apply to this case is entirely disingenuous. Defendant feigns ignorance as to how Jones might control this case. See Opp'n at 2 ("[Plaintiffs] have alleged no facts explaining why . . . Jones will control this case."). Defendant goes on to make the rather absurd argument that Plaintiffs' logic suggests that "all cases should be stayed when a court of appeals is considering an issue that is conceivably relevant" or that all consumer class actions should be stayed until Jones is decided. Id.

It is true that Plaintiffs' brief was short and generally avoided any sort of analysis. But, given the specific issues presented in Jones and the factual similarities to this case, the potential for Jones to control this case is obvious. First, the product involved in this case (ICBINBS) is very similar to one of the products at issue in Jones (PAM cooking spray). Second, the causes of action are nearly identical: plaintiffs in both cases allege that marketing claims regarding the nutrition of defendants' food products were false or misleading. Third, the legal issues to be decided in Jones will undoubtedly have an important, and perhaps

United States District Court
For the Northern District of California

dispositive, influence on the class certification process in this case. Ascertainability and predominance issues have been fatal to similar food product consumer class actions cases, and the Ninth Circuit's clarification of a contentious area of law may well be determinative here.

Thus the Court finds that there will be little to no damage to Defendant from a stay. By contrast, failing to stay this case might result in substantial hardship to both parties and deal a severe blow to judicial economy. Perhaps most importantly, Jones is very likely to simplify questions of law that might well be dispositive to class certification in this case. As a result, Plaintiffs' motion to stay this case is GRANTED. Within fourteen (14) days of the Ninth Circuit's decision in Jones, the parties shall file a joint notice of the decision with the Court.

IT IS SO ORDERED.

Dated: April 15, 2015

UNITED STATES DISTRICT JUDGE